**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JOSE INES MIRANDA<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:25-CV-442-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Jose Ines Miranda on September 24, 2025, and Plaintiff's Brief [DE 18], filed on February 25, 2026. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 7, 2026, the Commissioner filed a response, and Plaintiff filed a reply on June 17, 2026. For the following reasons, the Court remands the Commissioner's decision.

**I. Background**

On June 2, 2021, Plaintiff filed applications for benefits, with an alleged onset date of December 31, 2017. Plaintiff's application was denied initially and upon consideration, and an Administrative Law Judge ("ALJ") entered an unfavorable opinion on January 23, 2023. The case was remanded by the Appeals Counsel and the ALJ held a second telephone hearing at which Plaintiff, along with an attorney, and a vocational expert ("VE"), testified. On September 20, 2024, the ALJ issued a partially favorable decision finding that Plaintiff became disabled on February 1, 2023.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2021.

2. The claimant has not engaged in substantial gainful activity since December 31, 2017, the alleged onset date.

3. Since December 31, 2017, the claimant had severe impairments: obesity and lumbar degenerative disc disease.

4. The claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. Before February 1, 2023, when claimant became disabled, he had the residual functional capacity to perform the full range of medium work.

6. Since February 1, 2023, the claimant has had the residual functional capacity to perform the full range of light work.

7. Claimant has no past relevant work.

8. Before the established disability onset date, claimant was an individual of advanced aged.

9. The claimant has at least a high school education.

10. Transferability of job skills is not an issue because the claimant does not have past relevant work.

11. Before February 1, 2023, jobs existed in significant numbers in the national economy that the claimant could have performed, considering his residual functional capacity, age, education, and work experience.

12. Beginning February 1, 2023, considering his residual functional capacity, age, education, and work experience, no jobs exist in significant numbers in the national economy that the claimant can perform.

13. The claimant was not disabled before February 1, 2023, but became disabled then and continued to be disabled through the date of the decision.

14. Claimant was not under a disability as defined in the Act at any time through March 31, 2021, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ erred by relying on his own assessment of medical imaging, rather than relying on a medical opinion, in assessing Plaintiff's residual functional capacity ("RFC"). The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

In particular, Plaintiff argues that the ALJ rejected all of the medical opinions in the record and failed to obtain the opinion of a medical expert to interpret Plaintiff's medical imaging and test results, leaving an evidentiary gap and filling it himself. The ALJ concluded that Plaintiff was

able to perform work at the medium exertion level prior to February 2023 but after that was only able to perform light work. In addressing the evidence prior to 2023, he discounted the opinion of Plaintiff and his brother regarding his abilities in 2021, finding that their statements about the extent of those limitations ”are not fully supported before February 1, 2023.” AR 21. He mentioned Plaintiff's leg and ankle pain but apparently discounted it on the basis of a record that showed "normal ankle signs [in] December 2021" and, despite reporting more pain, in March 2022 "a scan for (sic) showed minimal signs." AR 19. The ALJ concluded that following a lumbar spine injection in January 2023 and the related medical records of pain, limited motion and x-rays of moderate to severe stenosis, Plaintiff was limited to light work.

In making the determination regarding Plaintiff's limitations, the ALJ found the opinions of the state agency physicians from September 2021 and February 2022 that Plaintiff's impairments were not severe to be unpersuasive since "signs of abnormal imaging and obesity supports severe impairments," and found the consultative examiner report from September 2021 regarding Plaintiff's physical abilities "unpersuasive because vagueness about specific abilities and limits does not support it" and because it is "inconsistent with x-rays of lumbar stenosis." AR 21-22. None of the agency physicians reviewed Plaintiff's imaging and results after February 2022.

In addition to discounting the opinions of the medical professionals regarding Plaintiff's limitations, the ALJ also mentioned only selective portions of the notes from Plaintiff's treating physicians. He reported that Plaintiff had "normal extremities and intact strength" in December 2021, when he was in for an annual exam, but neglected to mention the reports from the same physician a few months later of increasing pain and weakness in plaintiff's feet and ankles and inability to stand for long periods of time, from those same records. AR 1327. Similarly, he emphasized a report of "no tenderness and normal motion of [Plaintiff's] lumbar spine" in October

2022, 15F, but disregarded the notes in the same medical record from the follow up visit regarding test results reporting that Plaintiff suffered from leg pain, low back pain, neurogenic claudication and spinal stenosis requiring referral to the pain clinic and possible surgery. AR 1478. Likewise, the ALJ noted that a physician "found claimant had intact strength and no edema" in November 2022, but did not note that was a general checkup, and the other notes from the visit report "multiple medical issues and problems" including osteoarthritis and spinal stenosis requiring additional pain treatment. AR 1504. The Court is concerned that the ALJ considered only the parts of the notes that supported his conclusion about the limitations caused by Plaintiff's many medical difficulties. *See Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The Commissioner argues that it is the ALJ's job to determine a claimant's residual functional capacity, and an ALJ is not required to rely on a medical opinion to make that determination. However, in this case, the ALJ did not just reach conclusions based on a weighing of the evidence: he found all of the physician opinions to be unpersuasive and cherry-picked the medical records, leaving the Court uncertain of what medical information was used to determine the RFC. The dismissal of the medical opinions raises concerns that the ALJ substituted his own

medical assessment for those of the actual trained physicians. The ALJ can solicit additional medical opinions if he finds evidentiary gaps in the record, but cannot "play doctor" by drawing his own conclusions as to medical issues. *Moreno v. Berryhill*, 882 F.3d 722, 729 (7th Cir. 2018) ("ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions.") (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("When an ALJ denies benefits, she must build an 'accurate and logical bridge from the evidence to her conclusion,' and she is not allowed to "play doctor" by using her own lay opinions to fill evidentiary gaps in the record.") (quoting *Clifford*, 227 F.3d at 872) (other citations omitted).

In this case, the ALJ determined Plaintiff was able to stand and walk for six hours and carry 50 pounds for two hours until a month after he had a lumbar spine injection to treat his pain. There is no explanation, and no medical evidence or evidence from any other source identified by the ALJ, for why he was unable work at the medium level *after* the injection, which resulted in a significant decrease in his pain, but was able to do things like carrying 25 pounds for six hours per day in the time leading up to the injection. There is no obvious medical change as of February 2023 to indicate why that was the date after which Plaintiff was disabled. There is no medical opinion explaining the progression of Plaintiff's stenosis and what kinds of limitations it would have caused on his ability to work prior to the exams being taken, and stenosis is not a sudden-onset condition that would necessarily have dramatically decreased Plaintiff's mobility and increased his pain overnight on the date of the exam. The ALJ also does not address how the combination of Plaintiff's leg pain, back pain, and obesity might have affected his ability to work, barely discussing Plaintiff's reports of leg pain and swelling despite their repeated mention in the medical record. *See* SSR 19-2p, 2019 WL 2374244, *3-4 (May 20, 2019) (requiring the ALJ to

"consider the limiting effects of obesity when assessing a person's RFC," analyzing whether "the functional limitations caused by the MDI of obesity, alone or in combination with another impairment(s), may medically equal a listing"). This failure to build a logical bridge between the medical opinions in the record, all of which the ALJ found to be unpersuasive, the cherry-picking of medical records, and the restrictions in the RFC resting on the basis of medical exam results that no medical professional has addressed, requires remand. *See Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) ("[ALJ] must build a 'logical bridge' from the evidence to her conclusion by providing an explanation sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review" and "may not ignore a line of evidence supporting a finding of disability.") (quotations omitted).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief [DE 18] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 23rd day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record